Judge Richard A. Jones

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLAN B. THOMAS and<br>JOANN E. THOMAS,<br>         Defendants. | No. CR19-210RAJ<br><br>JOANN THOMAS'<br>TRIAL BRIEF |

Defendant JOANNE THOMAS, through her counsel Terrence Kellogg, submits the following trial brief in accordance with LCrR 23.1.

**LENGTH OF TRIAL;**

The defense expects the trial to consume 6 or 7 days given the number of witnesses of the parties, the number of exhibits relied upon by the government, and the nature and complexity of the issues presented.

**DISCUSSION OF SUBSTANTIVE LAW:**

The defense is in general agreement with the applicable substantive law as set forth in the trial brief of the government. However, it is not the statement of general legal principles but rather their application which is anticipated to present matters which can only be dealt with during the course of trial.

DEFENDANT JOANN THOMAS'
TRIAL BRIEF - 1

TERRENCE KELLOGG
P.O. BOX 633
PORT TOWNSEND, WASHINGTON 98368
(206) 491-9003

Important or unusual evidentiary matters are not anticipated by the defense at this time, other than as addressed below.

**WITNESSES ASKED TO REMAIN SUBJECT TO RECALL:**

The government, in its trial brief, has asserted the position that exculpatory statements of a defendant cannot be presented until after a defendant has testified. The basis for eliciting such statements would be limited to, as the government has contended, presenting evidence of prior consistent or exculpatory statements of a defendant only after they have testified. See ER 801(D)(1)(B)(i) and (ii). By necessity, any government witness with knowledge of prior exculpatory statements should be subject to recall by the Court when requested by the defense rather than being excused.

**LIMITING INSTRUCTION AS TO COCONSPIRATOR'S STATEMENT:**

ER 801(d)(2)(E) allows a statement of a defendant's co-conspirator made during and in furtherance of the conspiracy to be admissible against such defendant. The rule provides "[The] statement must be considered but does not by itself establish… the existence of the conspiracy or participation in it under (E)." The rule contemplates the requested instruction be given that the jury cannot consider any such statement unless and until a conspiracy and the defendant against whom the statement is offered has been proven to be a participant in the conspiracy charged at the time the statement was made.

The defense position is that at the time statements of one defendant are offered the jury be instructed to consider it only as against that defendant that made the

/

DEFENDANT JOANN THOMAS'
TRIAL BRIEF - 2

TERRENCE KELLOGG
P.O. BOX 633
PORT TOWNSEND, WASHINGTON 98368
(206) 491-9003

statement.

Dated this 3rd day of December, 2021.

<u>*s/ Terrence Kellogg*</u>
TERRENCE KELLOGG, WSBA # 6452
Attorney for Joann Thomas
P.O. Box 633
Port Townsend, WA 98368
E-Mail: <u>terrykellogg@gmail.com</u>

DEFENDANT JOANN THOMAS'
TRIAL BRIEF - 3

TERRENCE KELLOGG
P.O. BOX 633
PORT TOWNSEND, WASHINGTON 98368
(206) 491-9003